This was au adjourned Case from the Superior Court of Eaw for the county of Erederick, in which Judge White pronounced the following opinion :
“ This is an action of trespass brought in the Superior Court of Eaw for the county of Erederick, by Absalom M’Clunn v. Major Steel, for taking and selling a horse, which the Plaintiff claims to be his.
“ The facts, as stated in the record, are these : Isaac Williams obtained two judgments before a Magistrate of the said county, against Thomas M’Clunn and Eleazer Barrow ; and Birket D. Jett obtained another such judgment against the same parties. Execution issued upon all these, judgments, and were put into the hands of the Defendant, *who was Constable of the District in which ,T. M’C. and E. B. lived. He levied them upon a horse, supposed to be the property of Thomas M’Clunn, but claimed by the Plaintiff, Absalom M’Clunn, who forbade the sale: whereupon, the said Barrow, Thomas M’Clunn; and Jett, executed their bond to the said Major Steel, the Constable, with a condition thereto annexed, which, after reciting the above circumstances, goes on in these words: “ Now, if therefore the said Eleazer Barrow, and Thomas M’Clunn, and Burket D. Jett, or either of them, their heirs or executors, do save harmless and indemnify him the said M. Steel, from all costs, charges, executions, troubles, or cause of action, that may be had, sued, or recovered against him the said M. Steel, for levying the said executions on the said horse, and proceeding to sell *223 the said horse under the said executions, then the above obligation to be void, or else to remain in 'full force and virtue.” The Defendant then proceeded to sell the horse, and at the trial, among other pleas, this bond and condition were pleaded in bar to the action. To this the Plaintiff demurred, and assigned three several causes of demurrer, one only of which, viz. the second, it seems important to notice here. It is in these words: “2. The said indemnifying bond, in the said plea set- forth, is not a good and Statutory bond in this, that it is conditioned to indemnify merely the said Steel, Constable as aforesaid ; whereas, according to the Statutes in that case made and provided, it ought to have been conditioned for the indemnification of the said Defendant, and also of the said Plaintiff, who was the party injured, and the claimant of the property.”
The Statute passed in 1812, in amendment of a former Statute, and in force at the time when this transaction took place, expressly requires, that the condition of the bond to be given on such occasions shall contain this clause, viz : “ To pay and satisfy to any person or persons claiming title to such property, all damages which such person or persons may sustain in consequence of such seizure or sale.” (See 1 Rev. Code of 1819, ch. 134, § 25, p. 534.) And it is only a bond with a clause of that kind which the Statute says shall bar an action of this kind. This condition contains no such clause. The court is therefore unanimously of opinion, that for the second cause assigned, the said demurrer ought to be sustained and the plea overruled : and this being decisive of the said plea, the Court *deems it unnecessary to decide the other points arising on the said demurrer.”
Note (in edition of 1853). — Previous to the Act of 1812, the Sheriff was only authorised to “apply to the Plaintiff for his "bond, with ¡rood security, for indemnification for the sale of the property seized;” and if such bond was given, the Act of 1808 declared, that the party laying claim to the property shall be barred of his action as the Sheriff, unless the obligors in the bond proved insolvent. See 2 Rev. Code of 1808, p. 160; Pleasants’s edition. As the condition was to indemnify and save harmless the Sheriff, it was made a question how the action could be sustained, unless the Sheriff had been damnified, which could not be, as the Act protected him. In consequence of this doubt, the Act of 1812 extended the condition, by adding the words quoted in the above opinion. The Judges of the General Court were aware, that in Carrington v. Anderson, 5 Munf. 32, the Court of Appeals had decided that any person claiming the property, might maintain an action upon a bond of indemnity, taken under the Law of 1808, in the name of the Sheriff, or other officer, to whom it was taken, without proving that any damage had been sustained ,by such officer ;tbut this anomaly, they supposed, was only justified by the express words of the Law and necessity of the case; and that since 1812, the bond must conform to the amended Law, or it would not answer the description of “such bond,” mentioned in the Act which, if duly taken, was to bar the party claiming the property, from his right of action against the Sheriff.